acm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH MARK HAY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Case No. 04-3481-JAR |
| **DR. WINEETHA S. FERNANDO,** | ) |
| **DR. AUSTIN DESLAURIERS, AND** | ) |
| **KERI APPELQUIST,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER GRANTING DEFENDANT FERNANDO'S MOTION TO DISMISS

The Court now considers defendant Dr. Wineetha S. Fernando's Motion to Dismiss (Doc. 17). Plaintiff, a *pro se* litigant, filed this action against various personnel of the Kansas Department of Social and Rehabilitation Services (SRS) alleging civil rights violations pursuant to 42 U.S.C. § 1983 during his confinement in the Kansas Sexual Predator Treatment Program (SPTP). As explained more fully herein, because plaintiff has failed to state a claim upon which relief can be granted against defendant Fernando, the Court grants her Motion to Dismiss.

**I.     Factual Basis**

In 1993, plaintiff was convicted of five counts of Aggravated Indecent Solicitation of a Child. After his release from prison, petitioner was civilly committed to the SPTP by the District Court of Johnson County, Kansas pursuant to the provisions of the Sexual Predator Act of

Kansas.[1]  On December 16, 2004, plaintiff filed this action against Dr. Austin DesLauriers, Keri Applequest, and Dr. Fernando alleging civil rights violations during his confinement at the SPTP.[2]  Liberally construing his five-Count Complaint, plaintiff brings an action for violations of the Eighth Amendment.[3]  In Counts 2 and 5, plaintiff alleges that Dr. DesLauriers and Ms. Applequest have deprived him of his freedom by hindering plaintiff's progress through the SPTP and denying plaintiff's requests to visit with the Transition Board so that he may become eligible for release from the SPTP.[4]  Against Dr. Fernando, plaintiff alleges an Eighth Amendment claim for lack of medical treatment in Counts 3 and 4.  In Count 3, Plaintiff complains that Dr. Fernando has failed to provide him "good arch supports" for his flat feet.  Plaintiff contends that the medical staff will only provide either sponge or cardboard type supports.  Before his confinement, plaintiff states that he wore "medal [sic] shanks and they had to be beat back into form after months of wear."  He contends that wearing the sponge or cardboard type arch supports is like having no support at all.

Plaintiff also complains that he needs supportive shoes that are "high top style" because he often twists his ankles, but that he was provided low cut tennis shoes.  Plaintiff further asserts

---

[1] K.S.A. § 59-29a01.

[2] Plaintiff's Complaint also named District Court Judge Peter Ruddick as a defendant.  This case was initially assigned to Judge VanBebber, who dismissed Judge Ruddick as a party based on absolute immunity for his judicial actions.  (Doc. 3.)

[3] In Count 1, plaintiff asserted claims against Judge Ruddick.  Because Judge Ruddick has been dismissed as a party, the claim against him as been dismissed as well.

[4] To the extent plaintiff wishes to bring these allegations against Dr. Fernando as well, his Complaint fails to state a claim against Dr. Fernando for loss of freedom due to his confinement in the SPTP.  Plaintiff does not allege that Dr. Fernando caused the delays in his progress nor does he allege that she even has the authority to measure plaintiff's progress through the SPTP or to make recommendations regarding his release.

that he needs a pair of diabetic shoes and diabetic socks because his diabetes causes profuse sweating around his feet, forming calluses.  Plaintiff contends that he asked for diabetic shoes and socks, but he was denied them.  Instead, he was given a pair of hiking boots; and plaintiff complains that these boots make his feet sweat even more.

In Count 4, Plaintiff complains about his dental treatment.  Plaintiff states that he had a problem with grinding his teeth.  He asserts that the dentist pulled all of his teeth except for five teeth on his bottom jaw.  Now, he complains that the remaining five teeth grind on his top gums causing open sores to form in his mouth.  Plaintiff contends that he has "begged" the dentist on several occasions to pull the rest of his teeth but that the dentist has refused his requests.  In his Complaint, plaintiff does not state the identity of the dentist, namely whether the dentist who refused to pull his teeth was Dr. Fernando.

On May 9, 2005, Dr. Fernando filed a motion to dismiss for failure to state a claim upon which relief can be granted.  (Doc. 17.)  Plaintiff's response was due twenty-three days later on June 1, 2005.  Plaintiff never responded to Dr. Fernando's motion to dismiss.  On November 9, 2005, the magistrate judge assigned to this case held a telephone scheduling conference with the parties.  During this conference, the magistrate judge informed plaintiff that Dr. Fernando's motion was pending and that plaintiff had failed to respond.  The magistrate judge extended plaintiff's time to respond until November 25, 2005.  To date, plaintiff has not responded to Dr. Fernando's motion to dismiss.

The Court has considered whether plaintiff's failure to respond to the motion to dismiss in a timely fashion should result in dismissal of the action.  The local rules allow a party twenty-

3

three days to respond to a motion to dismiss.[5] In the event a party fails to respond, the local rules provide that the party has waived his right to file a response except upon a showing of excusable neglect.[6] Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[7] Because plaintiff has failed to respond to Dr. Fernando's motion to dismiss and has failed to make a showing of excusable neglect, the Court may grant the motion to dismiss simply based on this failure. Moreover, the Court analyzes plaintiff's claims against Dr. Fernando, and concludes that these claims should be dismissed for failure to state a claim under the Rule 12(b)(6) standard.

## II.     Rule 12(b)(6) Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[8] Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[9] "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[10]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the

---

[5] D. Kan. Rule 6.1(d)(2).

[6] D. Kan. Rule 7.4.

[7] *Id.*

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[10] *Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

4

plaintiff.[11]  The Court construes the allegations in the light most favorable to the plaintiff.[12]  These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[13]  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[14]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[15]

Defendant Fernando's motion refers several times to the report filed by SRS pursuant to *Martinez v. Aaron*[16] (*Martinez* Report).[17]  It is well established that "[a] motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings."[18]  Courts have broad discretion in determining whether or not to accept materials beyond the pleadings.[19]  Reversible error may occur, however, if the district court considers matters outside

---

[11]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[12]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[13]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[14]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[15]*Id.*

[16]570 F.2d 317 (10th Cir. 1978).

[17](Doc. 13.)

[18]Fed. R. Civ. P. 12(b)(6).

[19]5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1366 (2d ed. 1990).

the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.[20] Because the Court can dismiss this action against defendant Fernando without referring to the *Martinez* Report, the Court refuses to consider matters outside of the pleadings at this time. Within its review of a motion to dismiss, however, the Court does consider documents attached to the complaint, as consideration of these documents does not convert a motion to dismiss into a motion for summary judgment.[21]

Additionally, because petitioner is a *pro se* plaintiff, the Court must construe *pro se* pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[22] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[23] The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[24]

## III.    Eighth Amendment Standard

---

[20]*Janke v. Price*, 43 F.3d 1390, 1392 (10th Cir. 1994) (holding that magistrate judge erred under Fed. R. Civ. P. 12(b)(6) standard when the court considered the merits of the complaint and the facts from a *Martinez* hearing in determining whether [plaintiff] stated a claim for relief"); *see also Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

[21]*Riggs v. Boeing Co.*, 12 F. Supp. 2d 1215, 1216 n.3 (D. Kan. 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates.").

[22]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[23]*Id.*

[24]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Prisoners are constitutionally entitled under the Eighth Amendment to "humane conditions of confinement guided by 'contemporary standards of decency.'"[25]  Prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and . . . tak[e] reasonable measure to guarantee the inmates' safety."[26]  A prisoner may establish an Eighth Amendment claim under 42 U.S.C. § 1983 for compensatory relief by alleging that prison officials acted with deliberate indifference to the serious medical needs of the prisoner.[27]  The Supreme Court has further defined the Eighth Amendment's deliberate indifference standard under *Estelle* as having "two components: an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind."[28]  Under the subjective component, "allegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent ... diagnos[is]' simply fail to establish the requisite culpable state of mind."[29]  "[N]o claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment."[30]

---

[25]*Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

[26]*Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

[27]*Estelle*, 429 U.S. at 105.

[28]*Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

[29]*Id.* (quoting *Wilson*, 501 U.S. at 297 (quoting *Estelle*, 429 U.S. at 105-06)).

[30]*Geddes v. Cox*, 880 F. Supp. 767, 769 (D. Kan. 1995) (citing *Ledoux v. Davis*, 961 F.2d 1536, 1537 (10th Cir. 1992)).

**IV.    Analysis**

As previously stated, plaintiff complains about the lack of medical treatment for three of his conditions: (1) his flat feet for which he requests arch supports; (2) his calluses on his feet stemming from his diabetic condition for which he requests diabetic socks and shoes; and (3) his teeth grinding for which he requests that his remaining teeth be pulled. With respect to his flat feet, petitioner has failed to show that Dr. Fernando was deliberately indifferent to a serious medical need. From the facts in his Complaint, plaintiff admits that Dr. Fernando examined his condition and provided sponge or cardboard arch supports, thereby showing that he received medical treatment. While plaintiff complains that the arch supports provided by Dr. Fernando do not give his feet the support that he desires, he has failed to show that Dr. Fernando was deliberately indifferent to his condition when she provided him some type of medical care. Plaintiff has a difference of opinion as to the appropriate medical treatment for his flat feet, but, as stated above, challenges to medical judgment do not rise to the level of a constitutional violation. Therefore, plaintiff has failed to state a claim for relief against Dr. Fernando on this ground.

Plaintiff's requests for diabetic socks and shoes also fail to state a claim under 42 U.S.C. § 1983. Because a "'prisoner's right is to medical care not to the type or scope of medical care which he personally desires,'" the Tenth Circuit has held that a prisoner's complaints about the inadequacy of his normal shoes and the failure to provide him with corrective shoes did not give rise to a constitutional deprivation sufficient to sustain a § 1983 claim.[31] Plaintiff's complaints

---

[31] *Henderson v. Secretary of Corrections*, 518 F.2d 694, 694 (10th Cir. 1975) (quoting *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968)).

about his medical treatment fail to allege that Dr. Fernando has shown deliberate indifference to a serious medical need. Plaintiff has not alleged that Dr. Fernando has failed to treat his diabetic condition, but only that his requests for "high top style" shoes and diabetic socks and shoes have been denied. Plaintiff's complaints do not show a lack of medical treatment, but rather his allegations are objections to the type and scope of medical treatment he received. As previously discussed, such allegations do not rise to the level of a constitutional deprivation and fail to state a claim for relief under § 1983. Therefore, the Court grants Dr. Fernando's motion to dismiss on this ground as well.

With respect to plaintiff's complaints about the lack of dental treatment for his teeth grinding, these allegations should be directed against the dentist, but plaintiff does not elaborate in his Complaint whether Dr. Fernando was the dentist who refused to pull his teeth. Assuming that plaintiff's allegations are against the dentist, someone other than Dr. Fernando, plaintiff has failed to state a claim against Dr. Fernando when he has not alleged direct, personal action on the part of Dr. Fernando in regard to his alleged constitutional deprivations.[32]

However, if he is alleging that Dr. Fernando is the dentist, he has failed to show deliberate indifference when he admits that the dentist has pulled all but five of his teeth, but has refused to pull the remaining five. Plaintiff cannot bring a claim against the dentist for lack of medical treatment when he merely disagrees with the type of treatment that he has received. His Complaint shows that he received dental examinations, and that the dentist has pulled all but five

---

[32]*See Wiggens v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 817 (10th Cir. 1991) ("Here, the complaint dismissed as to former warden Felix Rodriguez fails utterly to contain any factual allegations of wrongdoing attributable to Rodriguez, either by direct action or inaction. Thus, the complaint fails to state a cause of action upon which relief may be granted.").

of his teeth.  Plaintiff's complaints regarding the dentist's decision not to pull the remaining five teeth are objections to the dentist's medical judgment rather than assertions of a lack of medical care.  Therefore, plaintiff has not alleged a constitutional deprivation under § 1983, and Dr. Fernando's motion to dismiss must be granted on this ground as well.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Fernando's Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 10th day of December 2005.

S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**